Paul Anthony Brown, a prisoner under sentence of death, appeals the circuit court’s summary denial of his successive motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.851. We have jurisdiction. See art. V, § 3(b)(1), Fla. Const. After this Court affirmed Brown’s conviction for first-degree murder and his sentence of death on direct appeal, see Brown v. State, 721 So.2d 274 (Fla.1998), he filed his initial motion for postconviction relief, with subsequent amended motions, in the circuit court. Relief was denied after an eviden-tiary hearing and Brown appealed to this Court, where he also filed a petition for *117 writ of habeas corpus. This Court affirmed the denial of postconviction relief and denied the petition for writ of habeas corpus. Brown v. State, 846 So.2d 1114 (Fla.2003).
In 2008, Brown filed this successive motion for postconviction relief alleging newly discovered evidence, a claim under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194,10 L.Ed.2d 215 (1963), and a claim under Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). The claims turned on allegations that at the time of trial in 1996, the State knew or should have known that Brown’s codefen-dant, who was a State witness, testified under the false name of Scott Jason McGuire, thereby concealing the fact that he was Scott Jeffrey Keenum, an escapee from an Ohio felony conviction and sentence. Brown alleged that the State knowingly presented false testimony by calling the codefendant to the stand and allowing him to testify as McGuire. Brown contended that this resulted in nondisclosure of important impeachment that would probably have resulted in a lesser verdict or sentence. The circuit court summarily denied the claims, finding that the evidence was not newly discovered and that the claims were procedurally barred.
Florida Rule of Criminal Procedure 3.851(d)(1) generally prohibits the filing of a postconviction motion more than one year after the judgment and sentence become final. An exception allows the filing beyond this deadline if “the facts on which the claim is predicated were unknown to the movant or the movant’s attorney and could not have been ascertained by the exercise of due diligence.” Fla. R.Crim. P. 3.851(d)(2)(A). A successive motion may be summarily denied “[i]f the motion, files, and records in the case conclusively show that the movant is entitled to no relief.” Fla. R.Crim. P. 3.851(f)(5)(B). Because the postconviction court’s decision whether to grant a rule 3.851 evidentiary hearing depends on the written materials before the court, its ruling essentially constitutes a pure question of law and is subject to de novo review. See Grossman v. State, 29 So.3d 1034, 1042 (Fla.), cert. denied, — U.S.-, 130 S.Ct. 1498, 176 L.Ed.2d 105 (2010).
After a complete review of the record in this case, and applicable precedent, we conclude, as the circuit court concluded, that the evidence which Brown claims as newly discovered was known, or with due diligence could have been known, by Brown’s counsel at the time of the initial postconviction proceeding. The evidentia-ry hearing was held in the initial postcon-viction proceeding in 2001 and the case was final in 2003 when this Court affirmed denial of postconviction relief in that proceeding. See Brown, 846 So.2d at 1126. The record demonstrates that at that time, postconviction counsel was aware that the witness who testified under the name McGuire had used numerous aliases and that he was an escapee from an Ohio sentence imposed for a felony conviction he received under the name of Keenum. We recognized in our decision in 2003 that Brown’s counsel became aware sometime after the trial in 1996 that the codefendant had been convicted of aggravated battery in Ohio and that he had escaped from a correctional institution there. See id. We previously concluded that in light of the other evidence of Brown’s guilt that was presented to the jury, the impeachment evidence that could have been discovered concerning Keenum’s past and his escape from Ohio did not meet the test for granting a new trial. See Brown, 846 So.2d at 1126.
Brown also claims in this proceeding that the newly discovered evidence he is citing was the conduct of the prosecutor *118 at the evidentiary hearing held in the first postconviction proceeding. Brown characterizes the prosecutor’s conduct there as raising a “red flag” indicating that the State may have known of McGuire’s true identity as Keenum when the original trial was held in 1996. However, this argument is unavailing, again, because any facts surrounding the prosecutor’s conduct at the evidentiary hearing in 2001 could have been the subject of a successive motion filed within one year of the date that the information became known. Instead, Brown waited until 2008 to file his successive newly discovered evidence claim relating to the conduct of the prosecutor. Moreover, counsel conceded in the circuit court that he had no evidence to support the allegation that the prosecutor was aware at the time of the original trial that McGuire might have actually been Scott Jeffrey Keenum. For the reasons set forth above, we find that the claims asserted in this successive motion for postconviction relief are procedurally barred. We therefore affirm the order of the circuit court summarily denying Brown’s successive postconviction motion.
It is so ordered.
LEWIS, CANADY, POLSTON, LABARGA, and PERRY, JJ., concur.
QUINCE, C.J., dissents with an opinion, in which PARIENTE, J., concurs.